```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION
```

```
JOSEPH G. DORSEY                                            PLAINTIFF

VS.                              CIVIL ACTION NO. 5:16-cv-40(DCB)(MTP)

MANAGEMENT & TRAINING CORPORATION;
ED O'BANION; and ALLEN CHAPMAN                             DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Management & Training Corporation, Ed O'Banion, and Allen Chapman's Motion to Dismiss **(docket entry 2)**. Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises the Court finds as follows:

The Complaint in this case was initially filed by the plaintiff in the Circuit Court of Wilkinson County, Mississippi, on April 26, 2016, and removed to this Court by the defendants' Notice of Removal of May 11, 2016. The defendants now move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). As grounds, the defendants show that the plaintiff, who is not an attorney, is attempting to bring claims on behalf of two businesses and eleven individuals in addition to himself. The plaintiff, on behalf of himself, alleges discrimination under Title VII and the ADA against his employer, Management & Training Corporation ("MTC"). The defendants' motion to dismiss raises as a defense the plaintiff's failure to exhaust his administrative remedies.

Pursuant to Rule 12(b)(6), a defendant is entitled to have a case filed against it dismissed if the plaintiff "fail[s] to state a claim upon which relief can be granted."  A dismissal pursuant to Rule 12(b)(6) is "appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'"  True v. Robles, 571 F.3d 412 (5th Cir. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).  "To survive a motion to dismiss, a compliant must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570).

A claim is deemed to be plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  A plaintiff is required to plead more than the mere possibility that the defendant acted unlawfully in order to survive a motion to dismiss.  Id.  Instead, a plaintiff must plead facts that are sufficient enough to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949.

A Rule 12(b)(6) motion seeks to dismiss claims on the basis of a "dispositive issue of law."  Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th Cir. 1992)(citing Executive 100, Inc. v.

Martin County, 922 F.2d 1536, 1539 (11th Cir.), cert. denied, 502 U.S. 810 (1991)).  In other words, a Rule 12(b)(6) motion tests the legal sufficiency of the pleadings.  5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 at 294 (1990).  The rule serves the purpose of "allowing the court to eliminate actions that are factually flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."  Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157 (Fed. Cir. 1993).  An action is "fatally flawed" in its legal premise and "destined to fail," and therefore should be dismissed, where "a successful affirmative defense appears clearly on the face of the pleadings."  Ellis v. Miss. Dep't of Health, 2008 WL 2007153, at *2 (N.D. Miss. May 8, 2008)(citing Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986) and Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983)).

"{I}n federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."  Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998)(internal citations omitted).  To the extent the plaintiff purports to represent two businesses and eleven individuals other than himself, those businesses and individuals must be dismissed.

As for plaintiff Dorsey's individual claims, he is alleging

discrimination under Title VII and the ADA regarding his employment with MTC.  The law is clear that a plaintiff must exhaust his remedies with the Equal Employment Opportunity Commission ("EEOC") before seeking judicial remedies in federal court.  As United States District Judge Daniel P. Jordan III explained in a recent opinion:

> Plaintiffs asserting employment-discrimination claims under Title VII are required to exhaust their administrative remedies before seeking judicial relief in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." Id. (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996)).  Title VII provides that an individual must file their civil action within ninety days of receiving a right-to-sue letter issued by the EEOC. Id.; 42 U.S.C. § 2000e-5(f)(1); see also Pinkard v. Pullman-Standard, a Div. of Pullman, Inc., 678 F.2d 1211, 1215 (5th Cir. 1982)("Before instituting a Title VII action in federal district court, a private plaintiff must ... receive statutory notice of the right to sue the respondent named in the charge.").
>
> This requirement is strictly construed, Taylor, 296 F.3d at 379, and courts have routinely dismissed cases in which the plaintiff did not allege that they received a right-to-sue letter or failed to present evidence that such a letter had issued. See, e.g., Hall v. Ouachita Parish Corr. Center, No. 07-2187, 2008 WL 724230, at *2 (W.D. La. Mar. 17, 2008)(dismissing Title VII claim for failure to exhaust administrative remedies where plaintiff did not offer evidence of a right-to-sue letter and did not allege that he had received such a letter); Shabazz v. Texas Youth Com'n, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003)(same); Dao v. Auchan Hypermarket, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), aff'd 96 F.3d 787 (5th Cir. 1996)(dismissing ADA claim for failure to exhaust where plaintiff did not allege that she filed a charge with the EEOC or that she obtained a right-to-sue letter prior to filing suit).

Banks v. Hazlehurst City Sch., 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016). The exhaustion requirement applies to both Title VII and ADA claims. Dao, 96 F.3d at 788-89.

The plaintiff has also failed to state a claim against the individual defendants because neither of them was his "employer" for purposes of Title VII and the ADA. Wellington v. Texas Guaranteed, 2014 WL 2114832, at *7 (W.D. Tex. May 20, 2014).

The plaintiff has not alleged that he received a right-to-sue letter, and he has failed to present evidence that such a letter has issued. Therefore, dismissal of the plaintiff's individual employment discrimination claims is also appropriate. Because the dismissal is based on failure to exhaust administrative remedies, it shall be without prejudice. See Banks, 2016 WL 2654369, at *4.

Accordingly,

IT IS HEREBY ORDERED that defendants Management & Training Corporation, Ed O'Banion, and Allen Chapman's Motion to Dismiss **(docket entry 2)** is GRANTED;

A Final Judgment, dismissing this action without prejudice, shall follow.

SO ORDERED, this the 22nd day of November, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE